**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**TENNESSEE TRACTOR, LLC
on behalf of itself and the Tennessee
Tractor, LLC Health and Welfare Benefit
Plan, and KERRY YOUNG, on behalf of himself
and all similarly situated persons,**

      **Plaintiffs,**

**v.**                                                      **No. _____**

**WH ADMINISTRATORS, INC.**

      **Defendant.**

**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
VIOLATIONS OF THE EMPLOYEE RETIREMENT
INCOME SECURITY ACT, 29 U.S.C. §§ 1001** *et seq.*

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW Plaintiffs Tennessee Tractor, LLC ("Tennessee Tractor"), for itself and on behalf of the Tennessee Tractor LLC Health and Welfare Benefit Plan (the "Plan") and Kerry Young ("Young"), for himself and all similarly situated persons and for causes of action against Defendant WH Administrators, Inc. ("WHA") allege as follows:

### I.    NATURE OF THE ACTION

1.    This is a class action brought under (i) the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and (ii) Tennessee law on behalf of approximately two hundred fifty (250) employees of Tennessee Tractor and participants of the Plan due to, among other failures, the refusal of WHA to process or pay over three thousand

(3000) claims for reimbursement for medical care rendered to the class members by medical providers.

2. Pursuant to ERISA, 29 U.S.C. §§ 1003(a) & 1101(a), Tennessee Tractor offered and maintained an ERISA employer sponsored health benefit plan (the "Plan") which was funded, in part, through Tennessee Tractor's deduction of certain amounts from employee wages as well as contributions from Tennessee Tractor.

3. WHA entered into an agreement to serve as the claims and plan administrator and was required to process and pay the Plan participant's claims submitted by health care providers that rendered medical care to the Plan participants. Tennessee Tractor, the Plan, and the Plan participants remitted the agreed upon employer and employee contributions (or premiums) to WHA and the Plan. However, WHA has failed and refused to provide accounting and financial information, have failed and refused to process claims, and have failed and refused to pay over $800,000 in covered medical claims, leaving the Plan participants responsible for these medical expenses. In addition, medical providers have refused to treat Plan participants due to WHA's actions and have made numerous attempts to collect for services, even on occasion threatened to bring lawsuits to collect upon those obligations.

## II.  PARTIES, JURISDICTION, AND VENUE

4. Plaintiff, Tennessee Tractor, now is, and at all times relevant to this action was, a Tennessee limited liability company with its principal office located at 16 S. Bells St., Suite 1, Alamo, Tennessee 38001. Tennessee Tractor is the named sponsor and a named fiduciary of the Tennessee Tractor LLC Health and Welfare Benefit Plan. Tennessee Tractor is authorized to bring this action on behalf of the Plan pursuant to 29 U.S.C. § 1132(a)(2) and 1132(a)(3).

5. Young is an adult resident citizen of Weakley County, Tennessee.

6.     Upon information and belief, Defendant WH Administrators, Inc. ("Defendant" or "WHA"), now is, and at all times relevant to this action was a Texas corporation, authorized to transact business in the State of Tennessee, and having its principal offices at 2 Bethesda Metro Ctr., Suite 450, Bethesda, Maryland 20814. WHA may be served with process through its registered agent CT Corporation System located at 800 S. Gay St., Suite 2021, Knoxville, Tennessee 37929.

7.     This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), specifically 29 U.S.C. § 1132(a)(1), (2), and (3). Jurisdiction is conferred upon this Court by the Employee Retirement Income Security Act, 29 U.S.C.A. §§ 1001 et seq., including 29 U.S.C. § 1132(e)(1), and is proper pursuant to 28 U.S.C. § 1331 and 1367.

8.     Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) as the employee benefit plan that is the subject of this Complaint was entered into in Crockett County, Tennessee, the plan was administered in Crockett County, Tennessee, and the breach of fiduciary duty and other causes of action alleged by Plaintiffs occurred in Crockett County, Tennessee.

9.     Plaintiffs will also serve a copy of this Class Action Complaint upon the Secretary of Labor and the Secretary of the Treasury by certified mail, pursuant to 29 U.S.C. § 1132(h).

### III.    FACTS

10.    Tennessee Tractor is, and at all times relevant to this lawsuit was, a West Tennessee John Deere dealer engaged in the sale and service of John Deere tractors, mowers and their respective parts. Tennessee Tractor has over 250 full-time employees. Tennessee Tractor established the Tennessee Tractor LLC Health and Welfare Benefit Plan for the benefit of its employees and their eligible dependents.

11. Young is, and at all times relevant to this lawsuit was, a full-time employee of Tennessee Tractor.

12. WHA is, and at all times relevant to this lawsuit was, a third-party provider of ERISA plan administration and claims services.

13. In February 2016, WHA, through its own actions in Tennessee and also by and through its agent and broker JAS. D. COLLIER & CO. ("Collier Insurance"), marketed a self-funded group health plan in Tennessee to Tennessee Tractor for the benefit of its employees. This health plan would be and, indeed, was an employee welfare benefit plan as defined under ERISA, 29 U.S.C.A. § 1002(1).

14. On or about April 18, 2016, Tennessee Tractor entered into the PPACA Compliance Service Agreement (the "Agreement") with WHA to, among other things, ensure the company's compliance with the Affordable Care Act and administer its employee welfare benefit plan. WHA drafted the Agreement, a copy of which is attached hereto and incorporated herein as **Exhibit A**.

15. The employee welfare benefit plan, known as the Tennessee Tractor, LLC Health and Welfare Benefit Plan (the "Plan"), was to commence on June 1, 2016. WHA failed and refused to provide Tennessee Tractor or the Plan a copy of a Plan Document until July 2017. Plaintiffs have been unable to ascertain the authenticity of the Plan Document provided by WHA, but a copy of an unsigned Plan Document and Summary Plan Description is attached hereto and incorporated herein as **Exhibit B**.

16. Pursuant to the Plan and under ERISA, 29 U.S.C.A. § 1002(16)(B), Tennessee Tractor was the named Plan Sponsor.

17. Pursuant to the Agreement, the Plan and under ERISA, 29 U.S.C.A. § 1002(16)(A), WHA was the duly appointed Plan Administrator and named fiduciary.

18. Pursuant to the Plan and under ERISA, 29 U.S.C.A. § 1002(7), Tennessee Tractor's employees, including Young, were participants in the Plan, eligible to receive benefits thereunder.

19. Over the course of the parties' contractual relationship, Tennessee Tractor, the Plan, and plan participants performed all of their duties and obligations under the Agreement including, but not limited to, remitting payment of all amounts owed to WHA for its administration and claims services as well as fully funding the Plan with over $500,000.00 in employer and participant contributions.

20. Despite Tennessee Tractor's performance of all of its duties and obligations under the Agreement, in December 2016, WHA abruptly and without explanation ceased processing or paying the claims of Tennessee Tractor's employees/Plan participants, including failing to process or pay Young's claims.

21. On multiple occasions thereafter, Tennessee Tractor, the Plan, and plan participants all requested information from WHA regarding the status of unpaid health care claims.

22. Continuously represented to Plaintiffs that all health care claims had been received, processed, and would be paid. WHA's representations to Plaintiffs occurred from December 2016 through at least October of 2017.

23. Specifically, WHA represented to Plaintiffs on July 31, 2017, that "Tennessee Tractor's valid claims incurred during the policy period will be processed and paid." WHA also

promised to provide reports of all the processed/repriced claims to Plaintiffs. WHA repeated these promises to fulfill its statutory and contractual obligations on numerous occasions.

24. Notwithstanding WHA's representations and promises, WHA failed to provide proof of the payment or processing of claims, failed to provide explanations of benefits (EOBs) and failed to pay, as promised, all outstanding claims. WHA's ongoing misrepresentations to Tennessee Tractor, the Plan, and plan participants lasted for many months and ultimately damaged Plaintiffs.

25. After contacting the medical providers who made the claims, Tennessee Tractor confirmed that WHA had not remitted payment for the claims, despite WHA representing that claims had in fact been paid.

26. Based on WHA's failure and refusal to perform its duties and obligations under the Agreement and its misrepresentations regarding the status of unpaid claims, Tennessee Tractor terminated the Agreement with WHA effective March 31, 2017.

27. In order to provide medical benefits to its employees, who were left without coverage under the Plan because of WHA's breaches of the subject Agreement, Tennessee Tractor entered an agreement with Cigna to provide coverage effective February 1, 2017.

28. On information and belief, WHA failed and refused to process over 3000 health care provider claims for medical services rendered to Tennessee Tractor employees' from June 1, 2016 to March 31, 2017, including Young's claims. Over that time period, medical providers of Tennessee Tractor employees/Plan participants and third-party collection agencies began contacting Tennessee Tractor's employees in an attempt to collect for their unpaid medical claims.

## IV.  ERISA CLAIMS

29. Plaintiffs incorporate by reference paragraphs 1 through 28 above as if fully set forth herein.

30. This action is brought pursuant to 29 U.S.C. § 1132(a)(1) and (c) for the refusal of WHA to supply requested information, to recover benefits due to the plan participants, and to enforce plan participants' rights under the Plan.  This action is also brought pursuant to 29 U.S.C. § 1132(a)(2) by Plaintiffs for appropriate relief under 29 U.S.C. § 1109, <u>Liability for Breach of Fiduciary Duty</u>. This action is also brought pursuant to 29 U.S.C. § 1132(a)(3) to enjoin the acts and practices of WHA that violate ERISA or the Plan, to obtain appropriate equitable relief to redress such violations and to enforce the provisions and terms of the Plan and the applicable provisions of ERISA.

31. WHA has violated and continues to violate 29 U.S.C. § 1109 and 29 U.S.C. § 1104.

32. Pursuant to 29 U.S.C. § 1002(21), WHA was a fiduciary insofar as, at all times relevant to this lawsuit, it exercised control over the Plan's assets and discretion over the processing and payment of claims with those assets, among other things.  WHA is also a named fiduciary under the Plan.

33. As an ERISA fiduciary under 29 U.S.C. § 1104, WHA had a duty to:

   a. Act with respect to the Plan solely in the interest of the participants;

   b. Act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity would use; and

   c. Act in accordance with the documents and instruments governing the Plan.

34. WHA breached its fiduciary duties owed to the Plan participants in several particulars including but not limited to:

      a.      failing to administer the Plan;

      b.      failing to provide appropriate coverage;

      c.      failing to maintain proper records;

      d.      failing to provide reporting on financial matters relevant to claims made by Tennessee Tractor's Plan participants and funding of the Plan;

      e.      failing to provide claims support to Tennessee Tractor and its employees and participants;

      f.      failing to provide services pursuant to the Agreement in a timely, workmanlike manner and in accordance with the generally accepted standards for plan administrators; and

      g.      failing to pay the claims of Tennessee Tractor's employees and plan participants.

35. In addition to breaching its fiduciary duties owed to the Plan participants as provided hereinabove, WHA also violated 29 U.S.C. § 1106 when it failed and refused to process or pay thousands of claims properly payable under the Plan using the Plan's rightful assets and kept those assets for its own use and benefit.

36. As a direct and proximate cause of WHA's actions and omissions as herein alleged, Tennessee Tractor and its employees/Plan participants and the Plan, including Young, have suffered damages including, but not limited to, the loss of their healthcare benefits, the loss of participant and employer contributions to the Plan, the costs of medical treatment not paid for by the Plan, the costs of obtaining an alternative healthcare benefit plan, and other losses.

## V.    **BREACH OF CONTRACT**

37. Plaintiffs incorporate by reference paragraphs 1 through 36 above as if fully set forth herein.

38. On or about April 18, 2016, Tennessee Tractor entered into the PPACA Compliance Service Agreement (the "Agreement") with WHA to, among other things, ensure the

company's compliance with the Affordable Care Act and administer the Plan to the benefit of the Plan and Plan participants.

39. WHA breached the Agreement with Tennessee Tractor in several particulars including, but not limited to:

    a. failing to administer the Plan;

    b. failing to provide appropriate coverage;

    c. failing to maintain proper records;

    d. failing to provide reporting on financial matters relevant to claims made by Tennessee Tractor's Plan participants and funding of the Plan;

    e. failing to provide claims support to Tennessee Tractor and its employees;

    f. failing to provide services pursuant to the Agreement in a timely, workmanlike manner and in accordance with the generally accepted standards for plan administrators; and

    g. failing to pay the claims of Tennessee Tractor's employees.

40. As a direct and proximate cause of WHA's actions and omissions as herein alleged, Tennessee Tractor, the Plan and its employees/Plan participants, including Young, have suffered damages including, but not limited to, the loss of their healthcare benefits, the loss of participant and employer contributions to the Plan, the costs of medical treatment not paid for by the Plan, the costs of obtaining an alternative healthcare benefit plan, and other losses.

## VI.    FRAUD AND MISREPRESENTATION

41. Plaintiffs incorporate by reference paragraphs 1 through 40 above as if fully set forth herein.

42. In negotiating the Agreement, WHA, represented to Tennessee Tractor during the negotiation of the Agreement and Plan that it would negotiate directly with medical providers to offer their healthcare services at the lowest possible rates pursuant to WHA's so-called

"reference-based pricing model" which evaluated the pricing of healthcare services by comparing them to the pricing of comparable services at Medicare rates.

43. This representation was also false at the time it was made and WHA ultimately failed to negotiate pricing with medical providers for the benefit of Tennessee Tractor and its employees and the Plan.

44. WHA also represented to Plaintiffs on multiple occasions that it had paid or would pay numerous unpaid claims made by Tennessee Tractor's employees/Plan participants.

45. Contrarily, WHA had no intention of paying said claims at the time these representations were made and, in fact, failed and refused to process or pay the claims or provide the promised accounting and financial data.

46. Plaintiffs reasonably relied on the above-mentioned representations by WHA to their detriment.

47. Had Plaintiffs been aware that WHA would not negotiate pricing as per the Agreement, and that WHA would not process or pay the claims of Plan participants, Tennessee Tractor would never have entered into the Agreement with WHA. WHA made these representations to induce Tennessee Tractor to enter into the Agreement.

48. As a direct and proximate cause of WHA's misrepresentations as herein alleged, Plaintiffs have suffered damages including, but not limited to, the loss of their healthcare benefits, the loss of participant and employer contributions to the Plan, the costs of medical treatment not paid for by the Plan, the costs of obtaining an alternative healthcare benefit plan, and other losses.

## VII.     INDEMNIFICATION

49.     Plaintiffs incorporate by reference paragraphs 1 through 48 above as if fully set forth herein.

50.     The Agreement provides that:

WHA agrees to indemnify and hold Tennessee Tractor harmless from all claims, liabilities, losses, expenses, fees including attorney fees, costs, and judgments…that may be asserted against Tennessee Tractor that result from the negligent acts or omissions of WHA and/or WHA's employees, agents, or representatives.

51.     Tennessee Tractor's employees/Plan participants, including Young, have received and continue to receive letters and phone calls from their healthcare providers and third-party collection agencies demanding payment for claims submitted to, but not processed or paid by, WHA under the Plan.

52.     To the extent Tennessee Tractor, as Plan Sponsor, might be held responsible for any claims or demands of any healthcare providers of its employees/Plan participant for any services provided under the Plan, WHA is required to indemnify and hold Tennessee Tractor harmless.

## VIII.     CLASS ACTION ALLEGATIONS

53.     With respect to the ERISA claims, breach of contract claims, and fraud and misrepresentation claims raised herein, Young brings this action as a Class Action pursuant to Rule 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following defined Class:

> From June 1, 2016 to the present, Young and all similarly situated employees and plan participants who were included in the Plan (hereinafter referred to as the "Class" or "Class Members" or "Plan participants").

> Excluded from the Class are the named Defendant, and its affiliates and families and the Judge assigned to this matter and his or her

staff.

54. **Numerosity**. The requirements of Rule 23(a)(1) are satisfied in that there are too many Class Members for joinder of all of them to be practicable. As of the filing of this Class Action Complaint, there are approximately 250 Plan participants whose health care claims have not been processed or paid.

55. **Commonality**. The claims of the Class Members raise numerous common issues of fact and law, thereby satisfying the requirements of Rule 23(a)(2). Every issue concerning liability is common to all Class Members because all issues concern the actions of Defendant with respect to the Plan and Class Members. These issues are common in that, when answered as to one class member, all or a significant number of Class Members will be affected. Every issue concerning relief to which Class Members are entitled, if and when liability is established, is common to the Class for the same reason. As to liability and relief, the counts set forth in this Class Action Complaint raise the following common issues of fact and law, among others:

(i) Do WHA's acts and omissions render it a fiduciary to the Plan and Plan participants under ERISA?

(ii) Do WHA's acts and omissions constitute a breach of fiduciary duty to the Plan and Plan participants under ERISA?

(iii) Do WHA's acts and omissions constitute a breach of contract damaging the Plan participants?

(iv) Do the acts and omissions of WHA violate Tennessee law for fraud and misrepresentation?

(iv) Did WHA and divert or misappropriate Plan assets in violation of ERISA?

(v) Did WHA commit or cause the commission of any other prohibited transactions with respect to the use of the Plan's assets?

(vi) Did WHA engage in self-dealing with respect to the assets of the Plan for the benefit of WHA?

(vii) Are the Class Members entitled to require any WHA to pay all unpaid health care

        claims as a result of its breaches of fiduciary duty?

(viii)   Are the Class Members entitled to rescission of the premiums they paid into the Plan under ERISA?

(ix)   Are the Class Members entitled to a judicial declaration that WHA is the equitable insurer of the Plan participants with respect to any and all health care claims, whether paid or unpaid, during the Class period?

(x)   Did WHA fail to provide the notices and other required information under ERISA to the Class Members and/or the Plan? If so, what are the appropriate damages or penalties under ERISA?

56.   **Typicality**.  The claims of the named Plaintiff, Young, are typical of the absent Class Members because they have a common source and rest upon the same legal and remedial theories, thereby satisfying the requirements of Rule 23(a)(3).  For example, the named Plaintiff and the proposed class were all covered under the Plan.  WHA breached its fiduciary duties to the Plan participants and violated the Plan's terms in the same manner for each Plan participant, including Young.  The nature of the inquiry to the named and unnamed Plaintiffs is the same—WHA's breaches of fiduciary duties and intentional acts and omissions caused Class Members harm.

57.   **Adequacy of Representation.**  The requirements of Rule 23(a)(4) are satisfied in that Young has a sufficient stake in the litigation vigorously to prosecute his claims on behalf of the Class Members and Young's interests are aligned with those of the proposed class.  There are no defenses of a unique nature that may be asserted against Young, individually, as distinguished from the other members of the Class, and the relief sought is common to the Class.  Young does not have any interest that is in conflict with or is antagonistic to the interests of the members of the Class, and has no conflict with any other member of the Class.  Young has selected counsel who is skilled in class action litigation and is well qualified to carry out their duties as class counsel.

58. **Declaratory and Equitable Relief**. The requirements of Rule 23(b)(2) are satisfied in that the WHA's actions affected all class members in the same manner, making appropriate final declaratory and injunctive relief with respect to the Class as a whole. For example, among other forms of equitable relief, Young seeks with respect to the Class as a whole a judicial declaration that WHA violated its duties under ERISA and that they be declared the equitable insurers of the Plan participants with respect to any and all health care claims, whether paid or unpaid, during the Class period, pursuant to ERISA 29 U.S.C. § 1109(a). ERISA actions such as this are especially suited for class certification under Rule 23(b)(1) and (b)(2). Young also seeks a mandatory injunction that WHA process and pay all Plan participant claims.

59. **Inconsistent or Varying Adjudications**. In the alternative, the requirements of Rule 23(b)(1)(A) are satisfied in that the prosecution of separate actions by individual Class Members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for the Defendant. For example, one court could rule that it was improper for the Defendant to fail to process or pay claims, while another court could rule that such acts and omissions were proper.

60. **Dispositive Adjudication and/or Limited Fund**. Alternatively, class certification pursuant to Rule 23(b)(1)(B) is also appropriate because adjudication of individual Class Members' claims involving the breaches of fiduciary duty and the wrongful acts alleged herein would, as a practical matter, be dispositive of other Class Members not actual parties to this matter. For example, a declaration that WHA violated its fiduciary duties under ERISA would as a practical matter be dispositive of the claims other Class Member. Additionally, individual adjudications of these allegations will substantially impair or impede the ability of absent Class Members to protect their interests because the Plan has no assets. Upon information

and belief, there may not be sufficient insurance to cover the wrongful acts and practices alleged herein and, thus, there may be only a limited fund from which the Class Members may receive any compensation.  As a result, Young hereby asserts the right to request certification under the limited fund doctrine to the extent that there are insufficient assets the claims asserted herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. That WHA be made to appear and answer this Complaint;

2. That the Court award Tennessee Tractor, the Plan, and Plan Participants all benefits due them and pre-judgment interest accrued thereon until the date of judgment;

3. That the Court award Plaintiffs attorneys' fees under 29 U.S.C. § 1132(g)(1), court costs and all other reasonable costs incurred;

4. That the Court enjoin any act or practice of WHA which violates any provision of ERISA and issue a mandatory injunction to process and pay claims;

5. That the Court award Plaintiffs other appropriate equitable relief to redress violations of ERISA or to enforce any provisions of ERISA or the terms of the Plan;

6. That the Court award Plaintiffs penalities pursuant to 29 U.S.C. §1132(c) for WHA's refusal to supply requested information pursuant to that section of ERISA or others;

7. The Court find that WHA's acts and omissions constitute breaches of fiduciary duties and/or prohibited transactions under ERISA and award appropriate relief under 29 U.S.C. § 1109;

8.   That the Court grant Tennessee Tractor and its Plan participants such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

                **GLANKLER BROWN, PLLC**

By:  /s/ Don L. Hearn, Jr.
      John I. Houseal, Jr. (#8449)
      Don L. Hearn, Jr. (#22837)
      6000 Poplar Avenue, Suite 400
      Memphis, Tennessee  38119
      (901) 525-1322 Telephone
      (901) 525-2389 Facsimile
      Email: jhouseal@glankler.com
             dhearn@glankler.com

4844-4134-4340, v.  1